United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD PHILLIPS,

    Petitioner,

v.

NAPA STATE HOSPITAL,

    Respondent.

Case No. 17-cv-03267 NC (PR)

**ORDER OF DISMISSAL**

Donald Phillips, a California state prisoner proceeding *pro se*, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, Court dismisses the amended petition.

## BACKGROUND

According to the amended petition, in 1985,[1] Petitioner was sentenced to a term of imprisonment at Napa State Hospital after being convicted of attempted murder, second degree murder, and robbery. It does not appear that Petitioner exhausted his claims to the

---

[1] In the original petition, Petitioner had stated that he was sentenced in 1999.

Case No. 17-cv-03267 NC (PR)
ORDER OF DISMISSAL

California Supreme Court.

Petitioner filed the original petition on June 7, 2017. He then filed his amended petition on August 24, 2017.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Legal Claims

In the Court's August 10, 2017 initial screening order of Petitioner's original petition, the Court stated that it could not decipher what Petitioner's claims were. The Court reminded Petitioner that challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 525 (quoting *Wilkinson*, 544 U.S. at 82). The Court informed Petitioner that he must specify all the grounds for relief available and state the facts supporting each ground. *See Hendricks v. Vasquez*, 908 F.2d 490, 491-

92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity). The petition was dismissed with leave to amend so that Petitioner could clarify his claims, present them more legibly, and provide specific facts to support a cognizable claim.

Unfortunately, Petitioner's amended petition does not clarify his claims. The Court again cannot determine what Petitioner's claims are, nor can it decipher Petitioner's handwriting. At best, it appears Petitioner claims that his civil rights have been violated, and that his case had been dismissed because he lacked funds. These are not proper claims to bring in a habeas petition. In addition, Petitioner has again not complied with the rule that he must specify the grounds upon which he bases his claims, or stated the facts supporting each ground.

The Court previously informed Petitioner that his original claims were indecipherable and vague, and dismissed the original petition with leave to amend so that Petitioner could cure those deficiencies. The Court also warned Petitioner that the failure to comply with the order would result in dismissal of this case without prejudice. Because Petitioner failed to cure the deficiencies as ordered, this case is DISMISSED without leave to amend.

## CONCLUSION

Petitioner's amended petition is DISMISSED without leave to amend. The Clerk shall terminate all pending motions and close the file.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484

Case No. 17-cv-03267 NC (PR)
ORDER OF DISMISSAL

(2000). Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: September 13, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-03267 NC (PR)
ORDER OF DISMISSAL